**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4043**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TREVOR REED,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   J. Frederick Motz, Senior District Judge, sitting by designation.   (5:11-cr-00353-M-1)

─────────────

Submitted:  July 31, 2013              Decided:  August 19, 2013

─────────────

Before GREGORY, DAVIS, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Trevor Reed, Appellant Pro Se.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Trevor Reed of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2013), and securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff (2006); 17 C.F.R. § 240.10b-5 (2013). The court sentenced Reed to a downward variant sentence of ninety-six months' imprisonment and ordered him to pay restitution. On appeal, Reed alleges that trial counsel rendered ineffective assistance, that the prosecutor and the district court judge engaged in misconduct, and that the evidence was insufficient to support his convictions.[1] We affirm.

Initially, we reject Reed's conclusory allegations of ineffective assistance of counsel and prosecutorial misconduct.[2] We also conclude that Reed's claims of judicial misconduct are

---

[1] Although we appointed counsel to represent Reed, counsel was permitted to withdraw. Reed declined the appointment of replacement counsel, opting instead to represent himself on appeal.

[2] Although Reed attempts to incorporate by reference his multiple claims of ineffective assistance and prosecutorial misconduct previously presented to the district court, we have determined that this is an impermissible method of raising an issue on appeal. McCarver v. Lee, 221 F.3d 583, 588 n.1 (4th Cir. 2000); see 4th Cir. R. 34(b) (directing appealing party to present specific arguments in informal brief). Moreover, because the record does not conclusively establish that counsel was ineffective, this claim is not properly raised on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

without merit. The district court provided Reed with a meaningful opportunity to allocute, did not deny Reed access to transcripts, and did not prevent Reed from presenting argument in the district court or from perfecting his appeal.

We now turn to Reed's claim that the evidence was insufficient to support his convictions. This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). "We have defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks omitted). Furthermore, "we cannot make our own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).

Wire fraud has two essential elements: "(1) the existence of a scheme to defraud and (2) the use of . . . wire

communication in furtherance of the scheme." United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006). The first element is at issue in this case. To convict Reed, the Government had to prove, beyond a reasonable doubt, that Reed had the "the specific intent to deprive [the investors] of something of value through a misrepresentation or other similar dishonest method." United States v. Wynn, 684 F.3d 473, 478 (4th Cir. 2012); see United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (holding that specific intent "may be inferred from the totality of the circumstances and need not be proven by direct evidence" (internal quotation marks omitted)). We find that, although Reed insisted that he did not have the intent to defraud the investors, there was sufficient evidence from which the jury could reasonably infer that he did have that intent. We therefore conclude that there was sufficient evidence to support Reed's conviction for wire fraud.

To convict Reed of securities fraud, the Government had to prove that Reed knowingly made a material misrepresentation or omission in connection with the purchase or sale of a security and that the victims' reliance upon those misrepresentations caused them economic loss. See United States v. O'Hagan, 521 U.S. 642, 665-66 (1997) (discussing scienter requirement); cf. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 n.1 (4th Cir. 2011). Here, the record is

4

replete with evidence of material misrepresentations made by Reed. The jury could reasonably have inferred that Reed made those misrepresentations to induce investors to buy the securities, that the investors relied upon those misrepresentations when considering whether to invest, and that this reliance caused the investors economic loss. We therefore conclude that there was sufficient evidence to support Reed's conviction for securities fraud.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5